## *In re* EDGAR W. CAMP.

Opinion filed November 5th, 1897.

**State Examiner—Power to Compel Testimony.**

> Order adjudging appellant guilty of contempt of court, in refusing to testify before the state examiner in obedience to a subpœna, reversed, because the examiner was, in the particular case, acting without authority of law, in essaying to compel appellant to testify before him.

Appeal from District Court, Stutsman County; *Rose*, J.

Edgar W. Camp was adjudged guilty of contempt of court, and he appeals.

Reversed.

*Glaspell & Ellsworth*, for appellant.

CORLISS, C. J. The appellant has been convicted of contempt of court, for refusing to obey a subpœna issued by the state examiner for the State of North Dakota while examining into the financial condition and affairs of the state hospital for the insane at Jamestown. The ground on which it is claimed that such examiner had power to compel by subpœna the attendance of appellant as a witness before him, and the giving by appellant of testimony on such investigation, is that appellant some years prior thereto had some business transaction with the board of trustees of such hospital, and was paid a sum of money in connection with such transaction. The statute under which the examiner claimed the power to compel the appellant to appear before him and testify is § 143 Rev. Codes. So far as its provisions are material to this case, they are as follows: "And the said examiner shall have full power for the purposes named to examine any books * * * or property of any or all of the aforesaid state institutions, money banking, insurance, annuity, safe deposit, trust company and moneyed or insurance corporations and county or state officers and custodians of any county or state fund; also to examine under oath any or all trustees, managers, officers, or employes or agents of said institutions and

and moneyed or saving corporations and other persons in the control of or doing business with said moneyed or savings institutions, and the county and state officers and custodians of county and state funds aforesaid. Said examiner is empowered to issue subpœnas and administer oaths in the performance of his duties." Having refused to obey the subpœna issued by the examiner, and also the order of the District Court directing him to testify, appellant was adjudged guilty of contempt of court, under § 5953, Rev. Codes, and was fined the sum of $100. The order adjudging him so guilty must be reversed. The examiner had no power, under the statute, to compel appellant to testify. He was not a trustee, manager, officer, employe, or agent of such institution, *i. e.* the hospital for the insane. Nor was he a person in control of, or who was doing business with, any moneyed or savings institution of the state. The affairs of no such institution were being investigated. The examination related solely to the management of a state institution which was not either a moneyed or a savings institution. Neither was appellant a county or a state officer, or the custodian of county or state funds. He was a private citizen, who five years before had had a single business transaction with the hospital trustees, and been paid a sum of money. The examiner had no authority to interfere with him in any way whatsoever. He stood upon his undoubted legal rights, in refusing to testify, and it follows that he should not have been adjudged guilty of contempt.

The order is reversed, and the contempt proceeding dismissed. All concur.